```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                      Case No. 8:17-cr-621-VMC-AAS

JAVIER JOSMAN PORTOCARRERO ANGULO.

_____/

**ORDER**

This matter is before the Court on Javier Josman Portocarrero Angulo's pro se "Motion requesting a sentence reduction pursuant to Amendment 2025," filed on January 5, 2026. (Doc. # 119). For the reasons set forth below, the Motion is denied.

**Discussion**

On December 28, 2017, Mr. Portocarrero Angulo and his two co-defendants were indicted for possession and conspiracy with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. # 6). On April 2, 2018, Mr. Portocarrero Angulo pleaded guilty to the conspiracy charge in Count One of the Indictment. (Doc.

1

# 50). On August 13, 2018, he was sentenced to 120 months in prison as to Count One. (Doc. # 75).

On January 5, 2025, Mr. Portocarrero Angulo filed the instant pro se "Motion requesting a sentence reduction pursuant to Amendment 2025." (Doc. # 119). Specifically, he seeks retroactive application of the U.S. Sentencing Guidelines ("U.S.S.G.") Amendment 833, which became effective on November 1, 2025 and provides for a two-level reduction for defendants who qualify for a "minor role" adjustment.

The purpose of Amendment 833 was "to address concerns that §2D1.1 and §3B1.2 (Mitigating Role) as they currently apply in tandem do not adequately account for the lower culpability of individuals performing low-level functions in a drug trafficking offense." U.S.S.G. Amendment 833. "The amendment specifies that the mitigating role provisions in § 2D1.1(a)(5) and the 2-level reduction at § 2D1.1(b)(17) apply regardless of whether the defendant receives the § 3B1.2 adjustment by direct application of § 3B1.2 or by use of the special instruction in § 2D1.1(e)(2)(B)." Id. Here, Mr. Portocarrero Angulo argues that he is entitled to a reduction in his sentence because his "role in the crime was a 'minor role'. . .." (Doc. # 119 at 3).

>The U.S.S.G policy statement provides, in relevant part:
>
>In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G § 1B1.10(a)(1). "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if — (A) *none of the amendments listed in subsection (d) is applicable to the defendant.*" U.S.S.G § 1B1.10(a)(2)(A). (emphasis added).

A review of subsection (d) makes clear that Amendment 833 is not a "covered amendment" under § 1B1.10. See U.S.S.G. § 1B1.10(d) (identifying the following Amendments as being covered under this section: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2))).

3

Accordingly, because Amendment 833 is not a "Covered Amendment" under U.S.S.G. § 1B1.10(d), the Court may not retroactively apply Amendment 833 to a defendant who is serving a term of imprisonment in order to reduce his sentence under 18 U.S.C. § 3582(c)(2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Javier Josman Portocarrero Angulo's pro se "Motion requesting a sentence reduction pursuant to Amendment 2025" (Doc. # 119) is denied.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of January, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE